UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WAFA ABBOUD,

                                    Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

**MEMORANDUM AND ORDER**

19-CV-5271 (LDH)

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Wafa Abboud, proceeding *pro se*,[1] appeals the denial of her application for

disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") by

Defendant Commissioner of Social Security (the "Commissioner").  Plaintiff moves pursuant to

Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings.  The

Commissioner cross-moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for

judgment on the pleadings.

**BACKGROUND**[2]

**I.      Non-Medical Evidence**

Plaintiff was born in October 1967.  (Tr. 128.)  She has a four-year college degree and

has a certificate, which she explained is the equivalent of a master's degree.  (Tr. 37.)  From

---

[1] At the initiation of this action, Plaintiff was represented by Charles E. Binder, Esq.  However, during the parties' briefing, Mr. Binder moved to withdraw as Plaintiff's attorney, which the Court granted on October 16, 2020.  (ECF No. 16.)  That said, Plaintiff's motion for judgment on the pleadings was prepared, and served upon the Defendant, while Mr. Binder still represented Plaintiff.  Indeed, Mr. Binder filed a cover letter sent to the Defendant, dated June 3, 2020, following service of Plaintiff's memorandum of law in support of her motion for judgment on the pleadings. (See ECF No. 12.)
[2] The following facts are taken from the administrative transcript, cited in this opinion as "Tr."  (ECF No. 8.)

February 2001 to May 2016, Plaintiff worked as CEO of a non-profit agency she founded, which provided services for people with developmental disabilities. (Tr. 37, 39.) Plaintiff was terminated in May 2016 due to allegations of financial misconduct. (Tr. 37-38, 255.) In July 2016, an indictment against Plaintiff was filed in the Eastern District of New York for related charges. (Indictment, 16-cr-396, ECF No. 27.)

## II.      Plaintiff's DIB Application

Plaintiff initially filed an application for DIB on June 29, 2016, alleging disability due to mental stress, anxiety, and depression since June 1, 2016. (Tr. 128-29, 141.) Plaintiff's application was denied on September 15, 2016, and she requested a hearing. (Tr. 56-69.) Plaintiff, and her attorney, appeared before an administrative law judge ("ALJ") on August 7, 2018. (Tr. 30-55.) Following the hearing, the ALJ issued a decision on August 21, 2018, finding the Plaintiff was not disabled. (Tr.12-29.) Specifically, the ALJ found that while Plaintiff's severe impairments included adjustment disorder and post-traumatic stress disorder, these impairments did not meet the criteria of any listing under 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19.) The ALJ ultimately determined that Plaintiff retained a residual functional capacity ("RFC") to perform a full range of work at all vocational levels, with certain restrictions. (Tr. 20.) Further, considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. (Tr. 25.)

Of particular relevance here, the ALJ's decision indicated that in pre-hearing correspondence and during the hearing, Plaintiff's counsel objected to the admission of Exhibit 6F into the record, which was a summary report of the investigation conducted by the Cooperative Disability Investigations ("CDI") unit of the Social Security Administration. (Tr.

15.)  Plaintiff raised several objections, including one relating to the portion of the report that recited her then-pending criminal matter.  (Tr. 15.)  The ALJ ultimately determined "there is no probative value in considering these statements" and therefore did not consider the CDI investigators' recitation of the criminal matter in his decision.  (Tr. 16.)  The ALJ cautioned, however, that a claimant's reason for stopping work is relevant in any disability claim and it is permissible for the ALJ to consider the information in evaluating the Plaintiff's symptoms.  (Tr. 16.)  As such, in his decision, the ALJ considered that during Plaintiff's consultative examination with Dr. Kathleen Acer, Ph.D. on August 23, 2016, Plaintiff told Dr. Acer she had worked as the CEO of a company until May 2016, that she had been arrested for bank fraud, and that there was an ongoing investigation regarding her business dealings.  (Tr. 22.)  Plaintiff also reported the board of the company terminated her employment.  (Tr. 21-22.)  The ALJ also considered Plaintiff's testimony that at the end of May she began experiencing symptoms of depression and that she did not experience psychiatric symptoms until after her termination, which was unrelated to her medical condition. (Tr. 21-22.)  Following the ALJ's decision, on July 9, 2019, Plaintiff was convicted by a jury of conspiracy to embezzle funds (count one, count three), embezzlement of federal program funds (count two, four), conspiracy to commit bank fraud (count five), bank fraud (count six), and unlawful monetary transactions (count seven). (Jury Verdict, 16-cr-396, ECF No. 159).

On July 15, 2019, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-6.)  Plaintiff commenced the instant action on September 16, 2019.  (ECF No. 1.)

## STANDARD OF REVIEW

A disability claimant may seek judicial review of the Commissioner's decision to deny her application for benefits.  42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-

CV-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012).  In conducting such a review, the

Court is tasked only with determining whether the Commissioner's decision is based upon

correct legal standards and supported by substantial evidence.  42 U.S.C. § 405(g); *see*

*also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126,

131 (2d Cir. 2000)).  The substantial-evidence standard does not require that the Commissioner's

decision be supported by a preponderance of the evidence.  *Schauer v. Schweiker*, 675 F.2d 55,

57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance

with the preponderance of the evidence . . . .").  Instead, the Commissioner's decision need only

be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Pollard v. Halter*, 377 F.3d

183, 188 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In deciding whether substantial evidence supports the Commissioner's findings, a court

must examine the entire record and consider all evidence that could either support or contradict

the Commissioner's determination.  *See Jones ex rel. T.J. v. Astrue*, No. 07-cv-4886, 2010 WL

1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir.

1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir.

2011).  Still, a court must defer to the Commissioner's conclusions regarding the weight of

conflicting evidence.  *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012)

(citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).  If the Commissioner's

findings are supported by substantial evidence, then they are conclusive and must be

affirmed.  *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y.

June 14, 2016) (citing 42 U.S.C. § 405(g)).  Indeed, if supported by substantial evidence, the

Commissioner's findings must be sustained, even if substantial evidence could support a

contrary conclusion or where a court's independent analysis might differ from the

Commissioner's.  *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)

(citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F.

Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

## DISCUSSION

The Commissioner argues that Plaintiff's felony convictions prevent her from claiming

benefits, even if her mental impairments would otherwise render her disabled.  (Def.'s Mem. 21.)

The Court first considers this threshold issue.

To be eligible for disability benefits under 42 U.S.C. § 423, a claimant must establish her

"inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which . . . has lasted or can be expected to last for a continuous

period of not less than twelve months," and the impairment must be of "such severity that [she]

is not only unable to do [her] previous work but cannot, considering [her] age, education, and

work experience, engage in any kind of substantial gainful work which exists in the national

economy."  42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A); *see also Balsamo v. Chater*, 142 F.3d 75,

79 (2d Cir. 1998).  In determining whether an individual is eligible for disability benefits, the

Commissioner should "not consider any physical or mental impairment, or any increase in

severity (aggravation) of a preexisting impairment, which arises in connection with [claimant's]

commission of a felony . . . if [the claimant] [is] subsequently convicted of this crime."  20

C.F.R. § 404.1506.  This rule is further clarified in Social Security Ruling ("SSR") 83-21, which

provides "[i]t is not necessary that there be a causative connection between the commission of

the felony and the disabling condition, but it must be closely related to, or associated with the

commission of the offense."  Title II: Pers. Convicted of A Felony, SSR 83-21 (S.S.A. 1983).

Additionally, while SSR 83-21 indicates "most impairments that can be identified as arising in connection with a felony will be of a traumatic nature, such as an impairment resulting from a gunshot wound" it also contemplates "some nontraumatic impairments may arise in connection with the commission of a felony, since the law does not require that there must be a causative relationship between the commission of the felony and the impairment." *Id*.

Here, the record establishes that Plaintiff worked as the CEO of a non-profit until May 2016. (Tr. 22, 208.)  She was arrested for bank fraud relating to her role at the non-profit and, following her termination, there was an ongoing investigation regarding her business dealings. (Tr. 22, 208.)  Plaintiff admitted she did not experience any psychiatric symptoms until after her termination.  (Tr. 22.)  And treatment notes suggest a relation between Plaintiff's termination, her then-pending criminal charges, and her alleged impairments.  For example, treatment notes from a psychological disability examination dated July 20, 2018 indicate "[m]uch of [Plaintiff's] current emotional difficulties appear to stem from life experiences related to her experience of being removed from her job as CEO of a non-profit organization."  (Tr. 255.)

Although the ALJ's decision includes several references to Plaintiff's arrest and the ongoing investigation, the decision was rendered prior to Plaintiff's July 9, 2019 conviction. While Plaintiff's conviction predated the Appeals Council's denial of Plaintiff's request for review by six days, there is no evidence the Appeals Council was aware of, or considered, Plaintiff's conviction.  (Tr. 2-6.)  As such, it does not appear either the ALJ or the Appeals Council considered the applicability of 20 C.F.R. § 404.1506 to Plaintiff's disability claims— which might have a dispositive impact on Plaintiff's eligibility to even receive disability benefits. The Court remands the Commissioner's decision to permit the ALJ to make an initial finding as to whether 20 C.F.R. § 404.1506 applies to this case. *See, e,g, Hixson v. Colvin*, No. 15-CV-

05688 BHS JRC, 2016 WL 5400533, at *4 (W.D. Wash. Aug. 29, 2016), report and

recommendation adopted, No. C15-5688 BHS, 2016 WL 5395563 (W.D. Wash. Sept. 27, 2016)

(remanding where "the ALJ erred by failing to explain whether plaintiff's disabling knee

impairment was caused by the August 2010 original injury or the March 2011 disqualifying

felony injury"); *Young-El v. Apfel*, No. CIV. A. 98-6722, 2000 WL 190237, at *5 (E.D. Pa. Feb.

4, 2000) (remanding where the record contains an "inescapable suggestion" that claimant's

disability was caused by his commission of a felony).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED, in part, and the

Commissioner's cross-motion is DENIED. Pursuant to 42 U.S.C. § 405(g), the Commissioner's

decision is remanded for further proceedings and additional findings consistent with this order.


                                        SO ORDERED.

Dated: Brooklyn, New York              /s/ LDH
       March 19, 2021                  LASHANN DEARCY HALL
                                       United States District Judge


7